UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.

CHINWENDU ALISIGWE,
              Defendant.

No. 22 Cr. 425 (VEC)

**REPLY TO THE GOVERNMENT'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

        David E. Patton, Esq.
        Federal Defenders of New York, Inc.
        52 Duane Street - 10th Floor
        New York, New York 10007
        Tel.: (212) 417-8700

        *Counsel for Chinwendu Alisigwe*

            Ariel Werner
            *Of counsel*

To:    Damian Williams, Esq.
       United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, New York 10007

       Attn:  Elizabeth Espinosa, Esq.
               William Kinder, Esq.
               Assistant United States Attorneys
               Southern District of New York

The Court should grant Mr. Alisigwe's motion to suppress (1) unlawfully obtained statements; (2) evidence seized during illegal, warrantless searches of Mr. Alisigwe's cell phone; (3) evidence seized during an unlawful, warrantless search of Mr. Alisigwe's home; and (4) evidence unlawfully intercepted from international mail addressed to Mr. Alisigwe. *See* Dkt. 28 ("Motion"). The Government has represented that it does not intend to offer the challenged statements at trial and concedes that a hearing is required to address Mr. Alisigwe's motion to suppress evidence illegally obtained from his home. *See* Gov't Opp'n, Dkt. 57, at 1-2. Accordingly, this reply focuses on Mr. Alisigwe's motion to suppress evidence obtained through unlawful cellphone searches and mail interceptions. Evidence of both should be suppressed.

I. **The Court Should Suppress Evidence Obtained Through Illegal, Warrantless Searches of Mr. Alisigwe's Cell phone.**

On two occasions, federal agents looking for evidence of a crime that had nothing to do with border security illegally searched Mr. Alisigwe's cell phone without a warrant. The Government's effort to portray these unlawful searches as routine searches subject to the "border search exception" is unavailing. The searches violated Mr. Alisigwe's rights under the Fourth Amendment and their fruits should be suppressed.

"Modern cell phones, as a category, implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse." *Riley v. California*, 573 U.S. 373, 393 (2014). Most are "minicomputers that also happen to have the capacity to be used as a telephone" but "could just as easily be called

1

cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers." *Id.* In recognition of the tremendous privacy right at stake in a modern cell phone, the Supreme Court held nearly a decade ago that the search of a cell phone requires a warrant, even when that requirement may inconvenience law enforcement's ability to combat crime. *Id.* at 401, 403.

The border-search exception, contrary to the Government's arguments, does not excuse the two illegal searches of Mr. Alisigwe's device. That exception is not unlimited. *United States v. Smith*, No. 22 Cr. 352 (JSR), 2023 WL 3358357, at *5 (S.D.N.Y. May 11, 2023). Even a border search must be reasonable, balancing the search's "intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Id.* (citing *United States v. Montoya de Hernandez*, 473 U.S. 531, 541 (1985)).

This balancing test—weighing an individual's significant privacy interest in the contents of their cell phone against the government's interest in searching that phone without a warrant—yields the result that, even at the border, warrantless phone searches violate the Fourth Amendment. Indeed, "[n]one of the rationales supporting the border search exception justifies applying it to searches of digital information contained on a traveler's cell phone, and the magnitude of the privacy invasion caused by such searches dwarfs that historically posed by border searches and would allow the Government to extend its border search authority well beyond the border itself." *Id.* at *7. Accordingly, *Riley*'s prohibition against warrantless

cell phone searches extends to such searches conducted at the border. *Id.* at *9; *see also United States v. Booth*, 583 F.Supp.3d 545, 554 (S.D.N.Y. Feb. 1, 2022) (applying *Riley*'s warrant requirement to searches of cell phones seized at the border); *United States v. Bongiovanni*, 19 Cr. 227 (JLS) (MJR), at *3-4 (W.D.N.Y. Nov. 22, 2022) (finding that a warrantless, manual cell phone search violated the Fourth Amendment); *United States v. Djibo*, 151 F. Supp. 3d 297, 309-10 (E.D.N.Y. 2015) (suppressing evidence obtained from a warrantless cell phone search at the border).

The Second Circuit cases relied on by the Government are inapposite. Three of them—*United States v. Dattmore*, No. 12 Cr. 166A, 2013 WL 4718614 (W.D.N.Y. Sept. 3, 2013); *United States v. Young*, 12 Cr. 210 (RJA) (JJM), 2013 WL 885288 (W.D.N.Y. Jan. 16, 2013); and *United States v. Singh*, No. 12 Cr. 121 (DLI), 2012 WL 2501032 (E.D.N.Y. June 27, 2012)—predate *Riley*. The fourth, an Eastern District case, concerned a defendant who had "handed his phone to the officer or agents and … gave the agents express consent to search his phone." *United States v. Oladokun*, No. 15 Cr. 559 (BMC), 2016 WL 4033166, at *7, *19 (E.D.N.Y. July 27, 2016). Mr. Alisigwe gave no such consent.

Nor does the good faith exception excuse this violation of Mr. Alisigwe's Fourth Amendment rights. It is the government's burden to demonstrate the objective reasonableness of officers' purported "good faith." *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011). They cannot meet that burden.

3

The searches at issue happened more than five years after the Supreme Court, in *Riley*, emphasized the intrusiveness of cell phone searches and held that the Fourth Amendment prohibits the warrantless execution of such invasive examinations by law enforcement. Well-trained officers handling countless cases involving cell phone evidence should be expected to learn and follow the law that governs such devices. They should have known that such devices cannot be searched without a warrant.

The facts of the two searches of Mr. Alisigwe's phones cut against application of the good faith exception. Both searches occurred in the context of planned interceptions of Mr. Alisigwe at the border. Agents learned his flight schedule, met him at the airport, detained him, and demanded his phone. The Government claims that agents had reason to suspect that Mr. Alisigwe was engaged in criminal activity and that his device would contain relevant evidence of his crimes. Dkt. 57 at 11. Had they applied for a warrant, they likely would have received one. There is no good reason why they did not try.

In accordance with *Riley*, the Court should suppress evidence gathered during these two warrantless searches of Mr. Alisigwe's cell phone.

## II. The Court Should Suppress Evidence Illegally Intercepted From Mail Addressed to Mr. Alisigwe.

The Court should also suppress evidence gathered from law enforcement's warrantless seizure and search of his personal mail. The law requires at least some cause for intercepting and seizing inbound mail. Although the interception of incoming international mail may be treated as an "extended" border search, such

4

searches must be supported by, at least, reasonable suspicion. *United States v. Gaviria*, 805 F.2d 1108, 1112 (2d Cir. 1986). The Government has offered no justification for the search of Mr. Alisigwe's mail, and evidence obtained through that search should be suppressed.

## CONCLUSION

For the foregoing reasons and in conjunction with Mr. Alisigwe's Original Motion, Mr. Alisigwe respectfully submits that his motion to suppress should be granted.

Dated:      New York, New York
            October 13, 2023

Respectfully Submitted,

Ariel Werner
Assistant Federal Defender
212-417-8770
Ariel_werner@fd.org